**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WATER'S EDGE DEVELOPMENT, LLC,
<u>Plaintiff-Appellee,</u>

and

JOYCE JEROMIN; PATRICIA LEE;
FELICIA WHITEHEAD; JAN KREMPA;
LISA ANN ROHN,
<u>Plaintiffs,</u>

v.

EDWARD DEV. BUNN,
<u>Defendant-Appellant,</u>

v.

No. 98-2507

UNIVERSAL DEVELOPMENT &
CONSTRUCTION COMPANY; MOHAMED
TOBAH,
<u>Third-Party Defendants,</u>

KENNEDY, SPIRITOS AND SCHIFF,
<u>Party in Interest.</u>

MICHAEL D. GOODWIN; WASHINGTON
SAVINGS BANK, F.S.B.,
<u>Movants.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-95-200-DKC)

Argued: September 23, 1999

Decided: November 8, 1999

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Craig Lawrence Holcomb, HOLCOMB & WRIGHT, L.L.C., Silver Spring, Maryland, for Appellant. David P. Gersch, ARNOLD & PORTER, Washington, D.C., for Appellee. **ON BRIEF:** John A. Freedman, ARNOLD & PORTER, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On January 20, 1995, Water's Edge Development, LLC (Water's Edge) brought this diversity action against Edward Bunn (Bunn) in the United States District Court for the District of Maryland. In its complaint, Water's Edge alleged that Bunn breached a contract (the Contract) wherein Bunn agreed to sell his land to Water's Edge.[1] Pursuant to Maryland law, Water's Edge sought specific performance and any damages created by Bunn's alleged breach. [2] Bunn, however, lost the land when Water's Edge purchased it at a subsequent foreclo-

_____

[1] The Contract was signed originally by Mohamed Tobah, on behalf of Universal Development & Construction Company (Universal). Tobah is the president of Universal. Universal, pursuant to an assignment clause in the Contract, assigned the Contract to Water's Edge. Water's Edge is a limited liability corporation created by Tobah to develop the land obtained from Bunn. These parties will be referred to collectively as Water's Edge.

[2] The Contract contained a provision requiring that it be construed under Maryland law.

2

sure auction on February 17, 1995. Water's Edge later successfully moved to amend its complaint to replace its request for specific performance with a request for a return of its deposit monies.

In response to Water's Edge's breach of contract claim, Bunn filed a counterclaim against Water's Edge and a third-party complaint against Universal and Tobah, purportedly alleging breach of contract, fraud, and a myriad of other noncontractual claims. Bunn's pleading, however, was not broken down into separate counts alleging the specific elements of each claim but, instead, consisted of fifteen numbered paragraphs setting forth the factual basis for his breach of contract claim. Both parties filed cross motions for summary judgment on the issue of whether either party had breached the Contract. Water's Edge also filed a motion for summary judgment on the issue of the applicability of the liquidated damages provision in the Contract.[3]

On September 27, 1996, the district court issued a memorandum opinion and order denying Bunn's motion for summary judgment and granting Water's Edge's motion for summary judgment as to the liquidated damages provision.[4] The memorandum opinion and order determined that if Water's Edge had breached the Contract, Bunn was only entitled to receive liquidated damages in the form of the deposit monies he had already received.

In response to the district court's September 27, 1996 memorandum opinion and order, Bunn filed a motion for reconsideration. Bunn also filed a motion for leave to file a counterclaim and third-party complaint in response to the district court permitting Water's Edge to amend its complaint from a request for specific performance to a request for monetary damages. In these motions, Bunn asserted that the district court erred in its decision regarding the liquidated dam-

_____

[3] The liquidated damages provision provided that, in the event of a breach by Water's Edge, Bunn would be entitled to keep $75,000 in deposit monies. In addition, Water's Edge would be required to return to Bunn his "feasibility materials"--engineering documents that Bunn developed prior to the signing of the Contract.

[4] The district court's September 27, 1996 memorandum opinion and order did not address Water's Edge's claim that Bunn had breached the Contract, nor did it address Bunn's noncontractual claims.

ages provision and that it had failed to address his noncontractual claims, including his claim for return of the feasibility materials.

On February 11, 1997, Water's Edge filed a motion for voluntary dismissal without prejudice, agreeing to forego its deposit monies and a trial on whether Bunn breached the Contract. Water's Edge, however, reserved the right to refile its breach of contract claim in the event that Bunn was successful on appeal.

On September 29, 1997, the district court issued another memorandum opinion and order denying all of Bunn's pending motions and dismissing Bunn's noncontractual claims as insufficiently pled. In the same memorandum opinion and order, the district court ruled on Water's Edge's February 11, 1997 motion for voluntary dismissal. Although the memorandum opinion and order granted Water's Edge's motion to voluntarily dismiss its breach of contract claim, it required Water's Edge to tender to Bunn the feasibility materials. In addition, the district court granted Water's Edge the option of refiling its breach of contract claim if the district court rulings were reversed on appeal.

On October 8, 1997, Bunn filed another motion for reconsideration requesting the district court to reconsider its September 29, 1997 memorandum opinion and order dismissing Bunn's noncontractual claims. On January 2, 1998, Bunn filed an additional motion requesting leave to file an amended counterclaim and third-party complaint that purportedly alleged specific claims of fraud, misrepresentation, breach of fiduciary duty, and constructive fraud.

On September 8, 1998, the district court issued its final memorandum opinion and order denying Bunn's motions for reconsideration and for leave to file an amended counterclaim and third-party complaint. This memorandum opinion and order also held that Water's Edge had complied with the court's prior order requiring that the feasibility materials be returned to Bunn. On October 5, 1998, Bunn filed a notice of appeal challenging the award of summary judgment to Water's Edge as to the liquidated damages provision of the Contract, the denial of summary judgment to Bunn, and the dismissal of his noncontractual claims.

4

Upon review of the briefs and the record, and after consideration of oral arguments, we conclude that the district court was correct in granting summary judgment in favor of Water's Edge as to the liquidated damages provision of the Contract, denying summary judgment to Bunn, and dismissing Bunn's noncontractual claims. Accordingly, we affirm the judgment of the district court for the reasons stated in its memorandum opinions and orders. See Water's Edge Dev., LLC v. Bunn, Civ. A. No. DKC 95-200 (D. Md. Sept. 27, 1996); Water's Edge Dev., LLC v. Bunn, Civ. A. No. 95-200 (D. Md. Sept. 29, 1997); Water's Edge Dev., LLC v. Bunn, Civ. A. No. 95-200 (D. Md. Sept. 8, 1998).

AFFIRMED